IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERFERMANCE INDUSTRIES, INC. and SYNERGY CATALYST, LLC, § § § § *Plaintiffs,* § § VS. § § § GLOBAL EMISSIONS SYSTEMS, INC., § GLOBAL EMISSIONS SYSTEMS, INC- § USA, ERIC LATINO aka ENRICO § LATINO. § § § *Defendants.* § § | Civil Action No. 3:25-cv-01034-S |

**PERFORMANCE INDUSTRIES, INC.** and
**SYNERGY CATALYST, LLC,**

   *Plaintiffs,*

VS.                                                              Civil Action No. 3:25-cv-01034-S

**GLOBAL EMISSIONS SYSTEMS, INC.,
GLOBAL EMISSIONS SYSTEMS, INC-
USA, ERIC LATINO aka ENRICO
LATINO.**

   *Defendants.*

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW, Plaintiffs Synergy Catalyst, LLC ("Synergy") and Performance Industries, Inc. ("Performance") (collectively "Plaintiffs") and file this First Amended Complaint against Global Emissions Systems, Inc., Global Emissions Systems, Inc-USA (collectively "GESI") and Eric Latino aka Enrico Latino ("Latino") (collectively referred to as "GESI Defendants"), and in support thereof would respectfully show the Court the following:

### **INTRODUCTION**

1. This matter centers on the breach by Defendants of a prior Settlement Agreement and Release ("SAR") entered into between the Parties on May 25, 2023 (the Effective Date). The SAR resolved a pending matter at the time styled *Synergy Catalyst, LLC and Performance Industries, Inc. v. Global Emissions Systems, Inc., Global Emissions Systems, Inc. – USA, Eric Latino aka Enrico Latino and Gerard H. Hilbers, III,* 95th Judicial Court of Dallas County, Texas, Cause No. DC-21-11883 (the "Action"). As part of the consideration for the SAR, Defendants

1

were required to commit to $150,000.00 USD in product purchases from Plaintiffs within one (1) year of executing the SAR and continuing for three (3) years thereafter.

2. GESI Defendants submitted a demand with a fraudulent Texas Deceptive Trade Practices Act ("DTPA") claim, mandating that Plaintiffs schedule an inspection date to review the alleged defective parts. Upon Plaintiffs accepting the parts at its facility to conduct an inspection as mandated by the DTPA, and after Plaintiffs conducted their inspections, GESI Defendants refused the return of the parts based upon their claim they returned the defective parts.

3. This suit is filed to redress GESI Defendants' fraud and seek redress for the monetary harm caused to Plaintiffs to date and into the future by all GESI Defendants.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, Synergy Catalyst, LLC is a Texas limited liability company registered and authorized to do business in Texas. Its sole member is Michael Van Patten, a citizen of the State of Texas, and it is therefore a citizen of the state of Texas.

5. Plaintiff, Performance Industries, Inc., is an Illinois corporation registered and authorized to do business in Texas with its principal place of business in Texas. It is therefore a citizen of the states of Illinois and Texas.

6. Defendant, Global Emissions Systems, Inc., is a North Carolina corporation with a principal place of business at 3498 Denver Dr., Denver, North Carolina 28037. It is therefore a citizen of North Carolina. It has been served and has entered an appearance in this matter.

7. Defendant, Global Emissions Systems, Inc-USA, is a North Carolina corporation with a principal place of business at 158 Houston Road, Troutman, North Carolina 28166. It is therefore a citizen of North Carolina. It has been served and has entered an appearance in this matter.

8. Defendant, Eric Latino aka Enrico Latino, is an individual who resides in Canada. He is a citizen of Canada. He has been served and has entered an appearance in this matter.

9. This Court has jurisdiction over the subject matter of this dispute because there is complete diversity between the parties and the amount in controversy is greater than $75,000, as the Court acknowledged in its Order of August 22, 2025. (*See* Dkt. 21).

10. The Court has personal jurisdiction over Defendants pursuant to the Texas Long-Arm statute because they are each considered to have been doing business in Texas through their contracts with Synergy and/or Performance, as well as torts jointly committed in whole or in part in Texas. See *Tex. Civ. Prac. Rem. Code § 17.042*. Moreover, by their filings thus far in this action, Defendants have waived any objection to personal jurisdiction they may have had in this this case.

11. Venue is proper pursuant to the forum selection clause of the Settlement Agreement and Release entered into between the Parties on May 25, 2023. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

12. Synergy is a Texas limited liability company that, among other things, specializes in manufacturing emission catalysts custom-tailored to its customers' specific needs that essentially convert bad gasses coming from an engine exhaust system to environmentally friendly gasses. Synergy's customers are in industries ranging from aerospace to marine. Synergy's industry is highly competitive as there are only a handful of companies in the country that can provide the same technical products and services and the development of its specific products and techniques can take years to perfect. Synergy has diligently built its business over the past 11 years into one of the most respected catalyst companies in the world.

13. Performance is a Texas corporation in the business of manufacturing high performance catalytic converters, specializing in the development and manufacture of fabricated metal products and metallic catalyst. Synergy and Performance together serve the customized needs of their customers in this niche industry.

### A. Plaintiffs and GESI Defendants enter into a Settlement Agreement.

14. Plaintiffs and GESI Defendants entered into a Settlement Agreement and Release ("SAR") with an effective date of May 25, 2023. The SAR resolved a pending matter at the time styled *Synergy Catalyst, LLC and Performance Industries, Inc. v. Global Emissions Systems, Inc., Global Emissions Systems, Inc. – USA, Eric Latino aka Enrico Latino and Gerard H. Hilbers, III, 95th Judicial Court of Dallas County, Texas, Cause No. DC-21-11883* (the "Action"). As part of the consideration for the SAR, GESI Defendants were required to commit to $150,000.00 USD in product purchases from Plaintiffs within one (1) year of executing the SAR and continuing each year for three (3) years thereafter.

### B. GESI Defendants make two Purchase Orders from Plaintiffs, but then reject the majority of the ordered parts as nonconforming with their specifications—but provide no explanation as to why the parts are nonconforming.

15. Defendants made two orders (PO #143983 – 20 units and PO #143984 – 500 units) on January 3, 2024, consisting of 520 parts, totaling approximately $28,190.00 USD. Defendants accepted the shipment of parts (PO #143983). With respect to PO #143984, such consisted of two (2) different types of units manufactured by Plaintiffs, each unit order was for 250 units per type in such order. Due to delays from raw material providers, the orders were delayed approximately thirty (30) days. These delays were related to GESI Defendants, and GESI Defendants neither

canceled the orders, nor requested any accommodation. The parts were accepted when delivered to GESI Defendants.

16. Plaintiffs manufactured the orders according to the specifications provided by GESI Defendants in 2019. Such specifications were executed by GESI Defendants and never changed. At no time did the GESI Defendants request changes to the specifications for PO #143983 or PO #143984. Plaintiffs conducted quality assurance prior to shipping the parts to ensure such conformed to the 2019 specifications of GESI Defendants.

17. On April 2, 2024, Plaintiffs informed GESI Defendants that their order was ready to ship but for thirty-five (35) units which were in process of manufacturing. GESI Defendants requested the orders be shipped with the lowered numbers. Plaintiffs shipped the parts per GESI Defendants' request.

18. On May 6, 2024, approximately one (1) month after receipt and acceptance of the parts by the GESI Defendants, through their Director of Operations, Nancy Rochester, GESI Defendants rejected 250 of one set of units under PO #143984 for nonconformance to their specifications. Of the 215 remaining parts of such order (minus the 35 units in process), GESI Defendants rejected 183 parts also due to nonconformance with specifications.

19. Plaintiffs thereafter continued to send an invoice to GESI Defendants for payment, to no avail.

20. GESI Defendants placed no other orders for parts pursuant to the mandates of the SAR.

21. GESI Defendants paid $5,401.20 USD as to undisputed parts to date. A balance of $22,788.80 remains outstanding since August 27, 2024. Plaintiffs have repeatedly requested GESI Defendants pay such amount, to no avail.

22. After GESI Defendants rejected the parts mentioned herein, Plaintiffs repeatedly asked for testing data from GESI Defendants showing nonconformance of the parts. After multiple and repeated requests, GESI Defendants merely claimed the defects involved spacing of channel heights within the rejected substrate parts. Upon review of the specifications agreed to by GESI Defendants, these alleged claims were not bases for nonconformance according to their provided specifications.

**C. GESI Defendants utilize a false DTPA claim as a ploy to return the parts they ordered to Plaintiffs for inspection, and Plaintiffs rely upon this false claim to invoke their inspection rights at Plaintiffs' facility, where Plaintiffs confirm that they actually do conform to GESI's specifications. However, GESI Defendants refuse to retake possession of them or pay for them, revealing their DTPA claim as a fraudulent scam to have Plaintiffs take their parts back.**

23. On July 2, 2024, Plaintiffs received a "Notice of Claim, Texas Deceptive Trade Practices Act (DTPA); Breach of Contract, and related claims" from attorney Casey S. Erick, Esq. of the law firm Cowles & Thompson, P.C. Cowles & Thompson, P.C. were the attorneys who represented the GESI Defendants in the underlying claims for which were settled pursuant to SAR.

24. Contained with such demand/letter, Mr. Erick stated: "As provided by Section 17.505(a) of the DTPA, GESI is amenable to inspecting the goods at a reasonable time and place agreed upon in advance. Please feel free to contact me to set up mutually agreeable arrangements in this regard." Plaintiffs made multiple email communications to Mr. Erick with no response from same requesting available dates and times for inspection of the parts at Plaintiffs' plant. Plaintiffs' ability to inspect the parts properly could only be accomplished at their plant given the specific equipment required to inspect and evaluate the parts for conformance.

25. After much prodding, Mr. Erick finally responded to the multiple requests for inspection on August 8, 2024, indicating that he had sent Plaintiffs' inquiry to the GESI Defendants, "…and I expect to have a response to you tomorrow with a plan to inspect the parts." Thereafter, and to the dismay of Plaintiffs, GESI Defendants and their counsel, Mr. Erick, took the position that the parts were to be returned to Plaintiffs.

26. On August 27, 2024, Plaintiffs sent an email to Mr. Erick again requesting dates and times to inspect the parts in order to avoid losing its ability to inspect pursuant to the guidelines of the DTPA. The request was again made to have such parts sent to the Plaintiffs' facility to conduct said inspection. Mr. Erick responded and confirmed that the GESI Defendants had been shipped to Plaintiffs' facility. Plaintiffs understood that the parts were being shipped for inspection, not for a return which was specifically disclaimed. No prior agreement or notice for shipping the parts for the inspection had been related to Plaintiffs.

27. On August 28, 2024, Plaintiffs wrote to Mr. Erick specifically indicating that the parts would only be accepted at Plaintiff's facility for inspection pursuant to the DTPA claims. Plaintiffs further indicated that the parts would be rejected if the GESI Defendants sent the parts as a "return of the parts." Clarification was requested of Mr. Erick, again to no avail. Mr. Erick conveniently did not respond to such request for confirmation until September 11, 2024, almost two (2) weeks later.

28. Plaintiffs accepted the parts without any confirmation from Mr. Erick as to the nature of the parts being shipped. Plaintiffs accepted the parts in order to conduct the DTPA inspection. Plaintiffs did not wish to waive their inspection rights under the DTPA. Pursuant to and in reliance on the DTPA claims made by GESI Defendants and by Mr. Erick on behalf of his clients, Plaintiffs inspected and tested the parts for compliance with GESI Defendants' own specifications.

Once completed, Plaintiffs shipped them back to the GESI Defendants. GESI Defendants rejected the parts, and Mr. Erick finally emailed Plaintiffs, approximately two (2) weeks later, indicating that the parts were being returned for nonconformance.

29. On September 11, 2024, Plaintiffs responded to Mr. Erick's email of the same date, indicating that the parts were accepted by Plaintiffs for purposes of the DTPA inspection. Plaintiffs included within such email the results of their testing data which revealed ***zero (0) instances of nonconformance of parts*** which were sent by GESI Defendants. All parts were in conformance with GESI Defendants' specifications. Mr. Erick requested a teleconference the following week to discuss these issues.

30. Moreover, on September 11, 2024, Mr. Erick was further advised that the storage fee for the GESI Defendants' parts was $100.00 USD per day. No communication from Mr. Erick nor the GESI Defendants was ever made to Plaintiffs objecting to this charge. As of August 29, 2025, 353 calendar days have passed. The current fees owed by the GESI Defendants for storage of the parts is **$35,300.00 USD**, with fees continuing to accrue daily. Plaintiffs seek these storage fees as part of its damages claims.

31. On September 27, 2024, Mr. Erick sent an email to "get on a quick call" the following week to discuss the issues of the return. October 4, 2024 at 9:46 a.m., pursuant to the request of Mr. Erick himself, Plaintiffs called Mr. Erick at Cowles & Thompson, P.C. and left a detailed message to discuss the matters at hand. No return call or contact was ever made by Mr. Erick or anyone who identified themselves as an employee of Defendant Cowles & Thompson.

32. GESI Defendants, by and through their counsel, Casey S. Erick, Esq. of Cowles & Thompson, P.C., notified Plaintiffs of a fraudulent Texas Deceptive Trade Practices Act ("DTPA") claim, mandating that Plaintiffs schedule an inspection date to review the alleged defective parts.

This false DTPA claim was clearly a scheme to get Plaintiffs to accept the parts back into their possession in order for the GESI Defendants to claim the parts were returned. While Plaintiffs wished to comply with the DTPA inspection, Plaintiffs made numerous requests to Mr. Erick for possible inspection dates, with no response until after the parts were delivered to Plaintiffs.

33. As of the filing of this pleading, the original invoice has not been paid in full, the remaining orders pursuant to the SAR have not been fulfilled, and the conforming parts remain in the possession of Plaintiffs with daily storage fees being incurred.

34. All of this conduct shows that the representations made by the GESI Defendants and its representatives throughout this interaction have been false. The parts in question have not been nonconforming with the specifications that the GESI Defendants provided, and, based on these facts, and on information and belief, it appears clear that the GESI Defendants and their representatives knew that their statements about the parts being nonconforming with the GESI Defendants' standards that they intended for Plaintiffs to prepare these products for when they initially rejected them, when they invoked the DTPA, and when they facilitated their delivery to Plaintiff's facility for inspection were false. Plaintiffs relied on these statements to their detriment, and are now in possession of parts made to the GESI Defendants' specifications that cannot be reused or otherwise utilized, and have been damaged for the amount they have not been paid for them and for other attendant damages.

35. Nor have GESI Defendants fulfilled their obligations under the SAR to purchase $150,000 USD in product purchases from Plaintiffs within one (1) year of executing the SAR, which concluded in May of 2024. More than two years have elapsed since that time as of the filing of this pleading, meaning that GESI Defendants have breached this provision of the SAR for two consecutive years, and are primed to do so for the remaining two years of obligations thereunder.

## FIRST CAUSE OF ACTION:

## **BREACH OF CONTRACT**
[As Against All GESI Defendants]

36. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

37. Plaintiffs and GESI Defendants entered into a Settlement Agreement and Release with an Effective Date of May 25, 2023, which required GESI Defendants to purchase a minimum of $150,000.00 USD of product from Plaintiffs each year for three (3) years from the Effective Datre.

38. GESI Defendants have breached their obligations under the SAR by refusing to pay in full one of the first orders pursuant to the SAR, with an outstanding balance of **$22,788.80 USD** remaining.

39. Plaintiffs performed under the SAR. GESI Defendants further breached the Agreement when it also failed to purchase parts from Plaintiffs totaling $150,000.00 USD as agreed in the SAR for the first year and for the next three (3) consecutive years.

40. GESI Defendants' breach of the SAR has caused damage to Plaintiffs. After all offsets and credits, the principal amount of the unpaid invoice is **$22,788.80 USD**. The invoice is attached as **Exhibit 1** to the Affidavit of Michael VanPatten. The Affidavit of Michael VanPatten is attached as **Exhibit A** and is incorporated herein by reference.

41. Plaintiffs have been further damaged in that they failed to purchase additional parts totaling $150,000.00 USD per year since 2023. The current balance owing to Plaintiffs pursuant to the terms of the SAR is **$121,810.80 USD** which does not include the **$22,788.80 USD** unpaid invoice amount, nor the ongoing storage fee charges currently at **$35,300.00 USD**.

42. Plaintiffs have been further damaged by having to store the GESI Defendants' parts from the orders in Plaintiffs' manufacturing space at their plant. The current fees owed by the GESI Defendants for storage of the parts is **$35,300.00 USD**. These storage fees are continuous and will increase by the time of trial.

43. As a direct result of GESI Defendants' breach of the SAR, Plaintiffs have been damaged in a total amount of **$179,899.60 USD**. These damages will increase by the time of trial in this matter.

44. Plaintiffs seek to recover their reasonable and necessary attorney's fees, costs and interest as allowed by law.

## SECOND CAUSE OF ACTION:

### SUIT ON SWORN ACCOUNT
[As Against All GESI Defendants]

45. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

46. GESI Defendants purchased goods from Plaintiffs, which are more specifically described in the invoice attached as **Exhibit 1** to the Affidavit of Michael VanPatten.

47. In consideration of such sales, and in consideration for entering into the SAR, also upon which a systematic record has been kept, GESI Defendants promised and became bound and liable to pay Plaintiffs not only the principal amount of $26,490.00 USD — the total prices charged and agreed upon as indicated on the invoice attached as **Exhibit A-1** for goods manufactured, but also the SAR requirement of an additional **$121,810.80 USD**.

48. Despite Plaintiffs' demands for payment, GESI Defendants refused to pay the amounts owed to Plaintiffs represented by the sworn account. After all offsets, payments and

11

credits, **$22,788.80 USD**, coupled with the required **$121,810.80 USD** in the SAR, not including attorney's fees and interest, remains due and owing to Plaintiffs on the sworn account.

49. DET seeks to recover its reasonable and necessary attorney's fees, costs and interest as allowed by law.

**THIRD CAUSE OF ACTION:**

**UNJUST ENRICHMENT**
[As Against All GESI Defendants]

45. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

46. Pleading in the alternative, failure to allow Plaintiffs to recover for the reasonable value of the goods it manufactured and supplied to GESI Defendants, the benefit of which GESI Defendants have willingly accepted but refused to pay for, would result in unjust enrichment to GESI Defendants. GESI Defendants have been unjustly enriched because they have knowingly and wrongfully secured or passively received benefits from Plaintiffs that would be unconscionable to retain, and they obtained the benefit by fraud, duress or the taking of an undue advantage through the actions of GESI Defendants as described herein. GESI Defendants are liable to Plaintiffs in the principal amount of **$22,788.80 USD** for the unpaid invoice, and for the value of orders GESI Defendants were to purchase from Plaintiffs in the amount of **$121,810.80 USD**, as well as the continuing storage fee charges currently at **$35,300.00 USD**, not including attorney's fees and interest.

## FOURTH CAUSE OF ACTION:

### **FRAUD**
[As Against All GESI Defendants]

47. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

48. GESI Defendants planned and conducted a scheme and artifice to defraud Plaintiffs by making materially false representations and material omissions to Plaintiffs through the presentment, by and through their counsel, Casey Erick, Esq., a false, misleading and non-existent DTPA claim, the sole purpose of which was to get the disputed parts in the possession of GESI Defendants back into the possession of Plaintiffs. Plaintiffs had no choice but to take the parts back due to the lack of response for two (2) weeks by GESI Defendants' counsel, Casey S. Erick, Esq. as to the nature of the parts being shipped back to Plaintiffs, and the potential forfeiture of Plaintiffs' right to inspect same. Once Plaintiffs received the parts, GESI Defendants, and their counsel, did in fact then claim the parts were returned and not in accordance with any statutory DTPA inspection. Plaintiffs accepted the parts back into their facility in good faith solely under the auspices of conducting the requisite DTPA inspection. GESI Defendants thereafter refused to take the parts back.

49. GESI Defendants knew those representations as to the DTPA claim were false at the time they were made and were intended to be relied on by Plaintiffs. Specifically, GESI Defendants made the representations and omissions to avoid suspicion or potential rejection of the shipped parts back to Plaintiffs' facility. Plaintiffs did in fact justifiably rely on those representations and omissions and as a result have suffered injury. GESI Defendants' unlawful acts were willful and malicious. As a direct result of their fraudulent activities, Plaintiffs have also been

injured by the actions of the GESI Defendants in having to take up manufacturing space at its plant to store the parts fraudulently sent back to Plaintiffs, resulting in storage fees to the GESI Defendants at a rate of **$100 per day**, for a current total on August 29, 2025 of **$35,300.00 USD**.

### EXEMPLARY DAMAGES

56. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

57. As stated above, GESI Defendants' actions were intentional, malicious, fraudulent and caused serious harm to Plaintiffs. As such, Plaintiffs seek an award of exemplary damages against the GESI Defendants in the maximum amount allowed by applicable law.

### ATTORNEY'S FEES

58. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

59. Plaintiffs seek to recover their attorneys' fees, including any fees for any appeal, from the GESI Defendants in this case pursuant to the terms of the SAR, Chapter 38 of the Texas Civil Practice and Remedies Code, and all other bases for recovery.

60. Plaintiffs seek recovery of all costs incurred herein, including all expert costs as applicable.

### CONDITIONS PRECEDENT SATISFIED

61. Plaintiffs re-allege and incorporate by reference the above paragraphs as if set forth in full herein.

62. Plaintiffs plead that all conditions precedent to the recovery of Plaintiffs' damages and requests for relief, including recovery of its attorney fees, have occurred or been performed, if not waived or otherwise excused.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Synergy Catalyst, LLC and Performance Industries, Inc. respectfully request that upon hearing and trial of this matter, they have judgment as follows:

>a. An award of all damages requested herein incurred by reason of GESI Defendants' unlawful conduct, including, but not limited to, exemplary damages;
>
>b. An award of lawful pre-judgment and post-judgment interest, attorneys' fees and costs of court; and
>
>c. All such other and further relief, whether legal or equitable, to which Plaintiffs may be justly entitled.

Dated: August 29, 2025.                    Respectfully submitted,

>*/s/ Alex J. Whitman*
>Alex J. Whitman
>State Bar No. 24081210
>awhitman@cunninghamswaim.com
>CUNNINGHAM SWAIM, LLP
>4015 Main Street, Suite 200
>Dallas, Texas 75226
>Telephone: (214) 646-1495
>Facsimile: (214) 613-1163

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5, the undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF notification system by email on this 29th day of August, 2025.

>*/s/ Alex J. Whitman*
>Alex J. Whitman